IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SCOTT NELSON GLISSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  06-CV-3119 |
| ) | |
| B. WEISS, S. ALICEA, and ) | |
| ELLEN M. STAAB, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

Before the Court are Defendant Weiss' Motion to Compel [53] filed September 18, 2006, and Motion for Rule to Show Cause [55] filed October 19, 2006.  On October 19, 2006 at 11:00 a.m. the Court held a hearing in open court in this cause to discuss  pending motions and the status of the litigation.  Defendant Weiss appeared through counsel, James A. Lang and Angela M. Fyans.  *Pro se* Plaintiff, Scott Nelson Glisson, did not appear and Defendant orally moved for a dismissal for Plaintiff's failure to prosecute.  Based upon the history of the litigation, the Court recommends that this matter be dismissed with prejudice for want of prosecution.

History of Litigation

This case began on September 21, 2005 as a part of Civil Case #05-CV-3250, <u>Glisson v. Gabb, et al.</u>  However, since the claims against Defendant Weiss did not arise from the same transaction or occurrence as the Plaintiff's claims against the other named defendants, U.S. District Judge Jeanne Scott by text order of March 29, 2006, allowed Defendant Weiss' Motion to Sever [27] and the current case, Civil Case #06-CV-3119 was opened, being <u>Glisson v. Weiss</u>.

Originally in this matter Plaintiff was represented by Attorney Patricia L. Hayes.  On June 13, 2006, Attorney Hayes moved to withdraw [40] which was allowed on June 14, 2006 by the undersigned.  The Court gave *pro se* Plaintiff Scott Nelson Glisson a total of two months to locate replacement counsel.  Plaintiff's efforts to obtain counsel must have failed.  Plaintiff filed a motion *pro se* requesting leave to file an Amended Complaint adding additional defendants [43] on July 28, 2006, which was allowed on August 8, 2006 by the undersigned.  *Pro se* Plaintiff was reminded in that text order of the need to perfect service on the new defendants.  No record of service or attempted service on either new defendant is reflected in the court file.

On August 22, 2006, Defendant Weiss filed with the court a Notice of Deposition [47] to be taken of *pro se* Plaintiff on August 30, 2006 showing notice to Plaintiff at his stated address.  On August 30, 2006, Defendant Weiss filed a Motion for Costs [50] stating that *pro se* Plaintiff did not appear for the deposition.   *Pro se* Plaintiff did not file a response.  That motion was allowed by the undersigned by text order dated September 14, 2006 and costs were taxed to Plaintiff in the amount of $135.00 due to Defendant Weiss on or before October 15, 2006.  That amount remains unpaid.  Defendant Weiss has filed a Motion for Rule to Show Cause [55].

On August 30, 2006, Defendant Weiss filed with the court a second Notice of Deposition [51] to be taken of *pro se* Plaintiff on September 18, 2006 showing notice to Plaintiff at his stated address.  On September 18, 2006, Defendant Weiss filed a Second Motion for Costs [52] stating that *pro se* Plaintiff did not appear for that deposition.  *Pro se* Plaintiff did not file a response.  That motion was allowed by the undersigned by text order dated October 19, 2006 and costs were taxed to Plaintiff in the amount of $135.00 due to Defendant Weiss on or before November 20, 2006.

On September 18, 2006, Defendant Weiss filed with the Court a Motion to Compel [53] the appearance of *pro se* Plaintiff for deposition. *Pro se* Plaintiff did not file a response.  A hearing was scheduled in open

court on October 19, 2006 at 11:00 a.m. and *pro se* Plaintiff was given written notice by the Court at his stated address. *Pro se* Plaintiff did not appear. Defendant orally moved to dismiss for Plaintiff's failure to prosecute.

## Analysis

The Federal Rules of Civil Procedure authorize, under certain circumstances, a district court to dismiss a party or a claim from a suit as a sanction for a party's conduct. The United States Court of Appeals for the Seventh Circuit has noted that the dismissal of a party's suit is a "draconian" sanction. Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992). Nevertheless, the Seventh Circuit has also held that a district court need not impose lesser sanctions before resorting to dismissal. Halas v. Consumer Servs., Inc., 16 F.3d 161, 165 (7th Cir. 1994).

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Id. The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over

their own dockets and to deter other litigants from engaging in similar dilatory behavior.  The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>3 Penny Theater Corp. v. Plitt Theatres, Inc.</u>, 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).

Furthermore, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that "if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just . . . ."  Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. <u>Downs v. Westphal</u>, 78 F.3d 1252, 1257 (7th Cir. 1996).  The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." <u>Langley by Langley v. Union Elec. Co.</u>, 107 F.3d 510, 514 (7th Cir. 1997)(quotations and citations omitted).

In short, the Seventh Circuit has opined:

> Because of its severity, we have circumscribed the range of cases in which dismissal may be used as a sanction. Looking at the case law, we find two different standards for determining whether a case can properly be dismissed. Some of our cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); Schilling v. Walworth County Park & Planning Com'n, 805 F.2d 272, 278 (7th Cir. 1986). This appears to be the standard used when cases are dismissed for want of prosecution or failure to comply with orders of the court, Fed. R. Civ. P. 41(b). A slightly different requirement–a finding of willfulness, bad faith or fault–comes into play when dismissals are used specifically as a discovery sanction under Fed. R. Civ. P. 37. In re Golant, 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212 F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court). That is, even without "a clear record of delay, contumacious conduct or prior failed sanctions," a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate. See Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); Schilling, 805 F.2d at 278 ("When a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions."); Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1478-79 (D.C. Cir. 1995)(requiring that courts provide a "specific, reasoned explanation for rejecting lesser sanctions" and collecting cases requiring same).

Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

In the instant case, the Court believes that, based upon the history of *pro se* Plaintiff's conduct herein, a dismissal of his case is an appropriate sanction under both Rule 37's and Rule 41's standards. See Id. at 468 (explaining that "[f]or Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be 'clear'" and "that, considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."). Plaintiff has been made aware of his discovery obligations – specifically, his obligation to appear for a noticed deposition and truthfully respond to Defendant's oral interrogatories. However, Plaintiff has failed to appear at either noticed deposition, failed to respond to Defendant's motions, failed to pay the costs ordered to Defendant, and further failed to appear at a hearing set by this Court. Clearly, *pro se* Plaintiff has no interest in pursuing this case.

Based upon these facts, the Court recommends that the District Court sanction *pro se* Plaintiff by dismissing the above captioned case. The Court believes that Plaintiff has established a clear record of delay that justifies a dismissal pursuant to Rule 41(b). Likewise, the Court believes that dismissal is appropriate under Rule 37(b) because Plaintiff has willfully declined to follow the orders of this Court. Although Plaintiff is proceeding

*pro se* in this cause, and although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines. Downs, 78 F.3d at 1257.  On the contrary, the United States Supreme Court has held: "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). Accordingly, the Court recommends allowing Defendant Weiss' oral motion to dismiss and recommends dismissal with prejudice of the above-captioned case and further that all pending motions be denied as moot.

## Conclusion

For all of the above reasons, the Court RECOMMENDS that this matter be dismissed with prejudice due to the *pro se* Plaintiff's clear indication that he is not prosecuting his cause of action.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

ENTERED  October 20, 2006

                                        s/ Byron G. Cudmore
                                   _____
                                      BYRON G. CUDMORE
                              UNITED STATES MAGISTRATE JUDGE